**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| KENNETH CROWELL and<br>BERNICE BRANCH | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | Case No. 14 C 565 |
| v. | ) | |
| | ) | Judge Thomas M. Durkin |
| CITY OF CHICAGO, a municipal corporation; | ) | |
| DONALD BRANCH, and ANTON WHITE, | ) | |
| formerly star no. 19533 (currently Star no. 1040) | ) | |
| | ) | |
| Defendants. | ) | |

**THIRD AMENDED COMPLAINT AT LAW**

**NOW COMES** the Plaintiffs, KENNETH CROWELL and BRANCH by and through

their attorneys, Cochran, Cherry, Givens, Smith & Montgomery, L.L.C., and complaining of the

Defendants, CITY OF CHICAGO, a municipal corporation, DONALD BRANCH and ANTON

WHITE, and each of them and in the alternative, states the following:

**JURISDICTION**

1.      This case was removed to this court pursuant to 28 U.S.C. §1441(1) and §1446(a).

2.      Federal jurisdiction is proper pursuant to 28 U.S.C. §1331 because of Plaintiffs'

claimed constitutional violations pursuant to 42 U.S.C. §1983 against Defendants ANTON

WHITE and DONALD BRANCH.

3.      Venue in the Northern District of Illinois, Eastern Division pursuant to 28 U.S.C.

§1391 because the April 1, 2008 incident described herein occurred within this district and

because all of the defendants reside within this district.

**PARTIES**

4.      Plaintiff KENNETH CROWELL is, and at times relevant was, a citizen of the

1

United States and a resident Toledo, Ohio.

5.      Plaintiff BERNICE BRANCH was at all times relevant a citizen of the United States and a resident of Chicago, Illinois.

6.      Defendant CITY OF CHICAGO is a municipal corporation organized, existing and doing business under the laws of the State of Illinois, and at all times relevant provided police services in the City of Chicago through the Chicago Police Department.

7.      Defendant DONALD BRANCH, formerly star no. 4594, is and at times relevant was a citizen of the United States and a resident of Cook County, Illinois; and was a sworn police officer employed by Defendant CITY OF CHICAGO.

8.      Defendant ANTON WHITE, formerly star no. 19533 (currently Star no. 1040), is and at times relevant was a citizen of the United States and a resident of Cook County, Illinois; was a sworn police officer employed by Defendant CITY OF CHICAGO; and was acting within the scope of his agency, service and/or employment with the CITY OF CHICAGO.

**FACTS**

9.      On April 1, 2008, and at all times relevant, Defendant CITY OF CHICAGO, by and through certain police officers, including but not limited to Defendants DONALD BRANCH and ANTON WHITE, were present in and near the area of 11600 South Elizabeth in the City of Chicago, County of Cook.

10.     At all times relevant Defendant CITY OF CHICAGO's Police Department had established certain procedures and policies, including General Order 92-03, which require police officers, including Defendant ANTON WHITE, to take police action when observing a crime in progress.

11.     On and prior to April 1, 2008, Defendants DONALD BRANCH and ANTON

2

WHITE were assigned to the 7th District and worked together as partners in an unmarked Chicago police car identified as Beat 706G, an undercover or plainclothes detail for the Chicago Police Department.

12.     On and prior to April 1, 2008, Plaintiff KENNETH CROWELL was visiting with Plaintiff BERNICE BRANCH, at or near her home address of 11610 South Elizabeth, in the City of Chicago, County of Cook and State of Illinois.

13.     Defendant DONALD BRANCH was married to Plaintiff BERNICE BRANCH but the couple had been living separate and apart for over a year prior to April 1, 2008.

14.     Defendants DONALD BRANCH and ANTON WHITE met with one of their Sergeants and requested approval and permission to leave the 7th District and enter another police district. Defendants' superior officer, Sergeant Schaaf of the Chicago Police Department, responded to their request and gave departmental permission and approval for both Defendant DONALD BRANCH and his partner, Defendant ANTON WHITE, to travel to an area in the vicinity of Plaintiff BERNICE BRANCH's home.

15.     At approximately 9:30 a.m., Defendants DONALD BRANCH and ANTON WHITE drove to 111th Street and Vincennes where they found Defendant DONALD BRANCH's oldest daughter standing on the corner.

16.     After a brief conversation with Defendant DONALD BRANCH's daughter, the officers dropped her off at Julian High School. The Defendants then discussed and agreed to travel to Plaintiff BERNICE BRANCH's residence at 11610 South Elizabeth.

17.     Defendant ANTON WHITE knew that DONALD BRANCH was separated from his wife at the time of the incident and knew that the couple had been involved in domestic disturbances in the past.

18. After arriving in the area of 11610 South Elizabeth, the Defendant Officers saw Plaintiff BERNICE BRANCH leaving her home with KENNETH CROWELL. The Officers proceeded to drive near the front of BERNICE BRANCH'S home and stop their car. Officer DONALD BRANCH then got out of the police car, approached with one hand near his service weapon, and detained and confronted Plaintiffs KENNETH CROWELL and BERNICE BRANCH. When Officer DONALD BRANCH approached the Plaintiffs, his Chicago police identification badge was visibly displayed, his service firearm was in his possession and he wore his police bulletproof vest.

19. Plaintiffs knew and understood that both Defendants were Chicago police officers and acting under color of law in such capacity when they arrived at the scene.

20. Defendant DONALD BRANCH yelled verbal threats at Plaintiff KENNETH CROWELL while keeping one hand on his gun. Then, Defendant DONALD BRANCH grabbed Plaintiff BERNICE BRANCH by her neck, choked her and slammed her against a parked car. Defendant DONALD BRANCH continued his violent attack on Plaintiff BERNICE BRANCH, striking her head and face and knocking her to the ground.

21. After violently attacking Plaintiff BERNICE BRANCH, Defendant DONALD BRANCH, turned to Plaintiff KENNETH CROWELL and removed his police duty weapon from his holster and pointed and aimed it at the Plaintiff.  Plaintiff KENNETH CROWELL raised his hands in surrender and pled for his life, yelling something to the effect of "You don't have to do this."

22. Defendant ANTON WHITE witnessed Defendant DONALD BRANCH verbally assaulting and physically attacking BERNICE BRANCH and aiming his gun at KENNETH CROWELL, but made no effort to intervene. Despite what he heard and saw, Officer WHITE

4

did not contact or communicate with police dispatch and failed to stop Officer DONALD

BRANCH from using excessive and unreasonable force.

23.     At all times relevant herein, Defendant ANTON WHITE, as a member of Chicago

Police Department, had an obligation to take some police action when he observed a crime in

progress, pursuant to General Order 92-03, or to intervene to stop a fellow officer from engaging

in excessive and unreasonable conduct against the Plaintiffs.

24.     Plaintiff KENNETH CROWELL, in fear for his life, attempted to escape and run

away from Defendants DONALD BRANCH and ANTON WHITE. On information and belief,

Defendants BRANCH and or WHITE, acting as police officer, directed and commanded Plaintiff

KENNETH CROWELL to stop running.

25.     As Plaintiff KENNETH CROWELL ran away from the officers, Defendant

DONALD BRANCH with his service weapon still drawn began to chase CROWELL on foot.

DONALD BRANCH's actions further placed Plaintiff KENNETH CROWELL in fear for his

life and in apprehension of being shot and killed.

26.     After Officer BRANCH proceeded to chase after CROWELL, Defendant

ANTON WHITE confronted Plaintiff BERNICE BRANCH and verbally abused her by yelling

words to the effect of, you never should have had a man in the house.

27.     Defendant ANTON WHITE then got back into their police car and further

assisted Officer BRANCH by pursing after Plaintiff KENNETH CROWELL. The Defendant

officers pursued Plaintiff KENNETH CROWELL for several blocks as KENNETH CROWELL

jumped over fences and ran through neighboring back yards.

28.     At some point during the Defendants' foot and car pursuit of Plaintiff KENNETH

CROWELL, Plaintiff KENNETH CROWELL managed to hide from the officers. While he was

hidden, CROWELL called 911 for help in a frantic, horrible, and emotional state of fear.

29.     When defendant officers DONALD BRANCH and ANTON WHITE lost sight of

Plaintiff KENNETH CROWELL, they returned to the area of 11610 South Elizabeth. Defendant

DONALD BRANCH then grabbed a shovel and began smashing the windows of Plaintiff

KENNETH CROWELL's parked Dodge Durango SUV. Defendant ANTON WHITE did not

prevent Defendant DONALD BRANCH from smashing the windows, despite knowledge of

DONALD BRANCH's earlier outburst.

30.     After DONALD BRANCH smashed KENNETH CROWELL's windows,

BERNICE BRANCH placed a call to 911 for emergency police assistance. During the call

Defendant DONALD BRANCH shouted something to the effect of 'we are the police'.

31.     Thereafter, Defendants DONALD BRANCH and ANTON WHITE huddled

together and conversed at the scene until the arrival of their fellow officers.

32.     At no point on April 1, 2008 were Plaintiffs KENNETH CROWELL and

BERNICE BRANCH violating a law, committing a crime, or wielding weapons.

33.     As a result of their actions, Defendant officers DONALD BRANCH and ANTON

WHITE were subsequently arrested. Apart from investigating the possible commission of crimes

against the Plaintiffs involving police officers, the Chicago Police Department initiated

misconduct complaints ("Complaint Registars") against the Defendant Officers WHITE and

BRANCH.

34.     Defendant DONALD BRANCH was later charged with several felonies involving

"official misconduct." On or about January 30, 2009, Defendant DONALD BRANCH entered a

plea of guilty to official misconduct, stemming from the assault and battery committed against

Plaintiffs BERNICE BRANCH and KENNETH CROWELL. Officer BRANCH acknowledged

that at the time of the incident he was acting in his official capacity as a Chicago police officer, and received a sentence of two years felony probation along with anger management counseling.

35.     Defendant DONALD BRANCH has a history of domestic incidents, violence and outrageous conduct of which Defendant CITY OF CHICAGO was aware on and prior to April 1, 2008.  On April 26, 2004, Defendant CITY OF CHICAGO dispatched several police officers to the Plaintiff BERNICE BRANCH's home in response to a 911 emergency call regarding Defendant DONALD BRANCH's aggressive and violent behavior.  BERNICE BRANCH thereafter sought and obtained a court order of protection against Defendant.  Chicago police officers, including, Sergeant Ronald Forgue, one of Defendant BRANCH's supervisors, responded to another domestic incident on or about May 6, 2006, wherein Defendant DONALD BRANCH pinned Plaintiff BERNICE BRANCH on the floor and threatened her by putting his service weapon to her head.  Sergeant Forgue responded to at least one other domestic incident at the Branch home prior to April 1, 2008.

36.     Through Sergeant Forgue and the prior request for police assistance at the Branch's home, Defendant CITY OF CHICAGO was on notice of DONALD BRANCH's violent behavior. DEFENDANT CITY OF CHICAGO was further on notice of DONALD BRANCH's violent behavior because Chicago Police Department policy requires that a supervisor be notified when an officer is involved in a domestic incident requiring police assistance.

37.     Despite being aware of his history of domestic incidences, Defendant CITY OF CHICAGO continued to employ Defendant DONALD BRANCH.

**Liability of Defendants White, Branch and the City of Chicago**

38.     The misconduct described herein this complaint of Defendant ANTON WHITE,

Donald BRANCH, and Defendant CITY OF CHICAGO by and through police officer ANTON WHITE, was outrageous, objectively unreasonable and was undertaken intentionally with reckless indifference to Plaintiffs' rights.

39.     As a result of said conduct Plaintiffs have suffered and continue to suffer severe emotional trauma and stress, and require ongoing medical counseling and care for such conditions.

40.     On April 1, 2008, Defendant DONALD BRANCH intended to cause Plaintiff KENNETH CROWELL to fear an immediate injury and to make physical contact with Plaintiff BERNICE BRANCH in a harmful or offensive manner.

41.     Defendant DONALD BRANCH had an apparent ability to inflict injury upon Plaintiff KENNETH CROWELL when he pointed his service weapon and chased Plaintiff with his gun drawn causing Plaintiff to reasonably fear that bodily injury was imminent.

42.     In taking the actions described in Paragraph #41 herein, Defendant Donald Branch used excessive force in violation of Plaintiff KENNETH CROWELL's Fourth Amendment rights, in violation of § 42 U.S.C. 1983.

43.     Defendant DONALD BRANCH made unwanted, harmful physical contact with Plaintiff BERNICE BRANCH when he struck, hit and choked her on the day of the incident.

44.     In taking the actions described in Paragraph #43, Defendant DONALD BRANCH used excessive force in violation of Plaintiff BERNICE BRANCH's Fourth Amendment Rights, in violation of § 42 U.S.C. 1983.

45.     Defendant ANTON WHITE knew that Officer Branch was using excessive force against Plaintiffs in violation of their Fourth Amendment Rights, and despite a realistic opportunity to prevent harm to the Plaintiffs from happening, he did nothing to intervene.

46.     Defendant ANTON WHITE's failure to intervene further violated Plaintiffs' Fourth Amendment rights in violation of § 42 U.S.C. 1983.

47.     Defendant ANTON WHITE chased Plaintiff KENNETH CROWELL in his police car, further depriving Plaintiff of his constitutional rights under the Fourth Amendment. These actions were in violation of § 42 U.S.C. 1983.

48.     As a result of the conduct of Defendants, Plaintiffs suffered physical injuries, continue to suffer severe emotional trauma and stress, and require ongoing medical counseling and care for such conditions.

## Negligent Retention - City of Chicago

49.     Defendant CITY OF CHICAGO knew or should have known of Defendant DONALD BRANCH's history of domestic abuse and irrational, unstable and volatile behavior.

50.     Defendant CITY OF CHICAGO knew or should have known of Defendant DONALD BRANCH's history of domestic abuse and irrational, unstable and volatile behaviors made him unfit to continue his employ as a Chicago police officer and made him a danger to third parties, including Plaintiffs.

51.     Despite such knowledge, Defendant CITY OF CHICAGO retained Defendant DONALD BRANCH as a police officer prior to and including on April 1, 2008.

52.     Defendant DONALD BRANCH's participation in a domestic dispute and his irrational, unstable and volatile behavior caused him to violently attack Plaintiff BERNICE BRANCH and assault and chase Plaintiff KENNETH CROWELL.

53.     Defendant CITY OF CHICAGO supplied the instrumentalities that allowed Defendant DONALD BRANCH to participate in conduct alleged herein. Specifically, Defendant CITY OF CHICAGO supplied the police car that DONALD BRANCH drove to the scene of the

incident and the gun that DONALD BRANCH used to assault Plaintiff KENNETH CROWELL.

54.     As a result of the conduct of Defendant CITY OF CHICAGO's negligent retention of DONALD BRANCH, Plaintiffs suffered physical injuries, continue to suffer severe emotional trauma and stress, and require ongoing medical counseling and care for such conditions.

## REQUESTED RELIEF

55.     Plaintiffs are entitled to recover and hereby request the award of the following damages within the jurisdictional limits of this court for his injuries:

      a.      Physical and mental pain and suffering in the past and in the future;

      b.      and reasonable medical expenses.

56.     Plaintiffs are also entitled to recover and hereby request the award of punitive damages against Defendants DONALD BRANCH and ANTON WHITE.

57.     Pursuant to 42 U.S.C. §1988, and other applicable laws, Plaintiffs should be awarded reasonable attorney's fees for the preparation and trial of this cause of action, and for its appeal, if required.

                  Respectfully submitted,


                  By: /s/ Melvin L. Brooks_____
                    Attorney for the Plaintiffs

Melvin L. Brooks (ARDC: 6190131)
Kristina D. Echols (ARDC No. 6312732)
Cochran, Cherry, Givens, Smith & Montgomery, L.L.C.
One North LaSalle Street, Suite 2450
Chicago, Illinois 60602
(312) 977-0200

10