**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KENNETH CROWELL and BERNICE BRANCH, | ) )  ) Case No. 14 cv 0565 |
| Plaintiffs, | ) ) Judge Thomas M. Durkin |
| v. | ) ) |
| CITY OF CHICAGO, a municipal corporation; DONALD BRANCH, star no. 4594; and ANTON WHITE, star no. 19533, | ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM OF LAW BY DEFENDANT DONALD BRANCH
IN SUPPORT OF HIS PROPOSED JURY INSTRUCTION CONCERNING COLOR OF LAW**

Defendant Donald Branch ("Branch"), by counsel, respectfully submits this Memorandum of Law in Support of his Proposed Jury Instruction Concerning Color of Law.

**INTRODUCTION**

Plaintiffs Bernice Branch and Kenneth Crowell (collectively "Plaintiffs") have asserted a one-count Section 1983 claim against Donald Branch for allegedly using excessive force against them during an altercation outside Bernice Branch's residence on April 1, 2008. At the time, Bernice Branch was Donald Branch's estranged wife and Kenneth Crowell was her romantic partner. Donald Branch traveled to Bernice Branch's home that day in an effort to verify whether his daughter—whom he suspected of skipping school without permission after encountering her on a street corner that morning during school hours—was being truthful when she claimed her mother was at home and was aware that she would be late to school.

Based on the ensuing altercation with Plaintiffs, Donald Branch was charged with—and pleaded guilty to—official misconduct under 720 ILCS 5/33-3. That provision makes it a crime for a "public officer or employee" to "[k]nowingly perform an act which he knows he is forbidden by law to perform" where that officer or employee has acted "in his official capacity." 720 ILCS 5/33-3. Plaintiffs contend that Donald Branch's guilty plea for official misconduct in the earlier criminal proceeding precludes him from contesting Plaintiffs' assertion in this civil proceeding that he acted under color of law during the incident issue. Plaintiffs reason that acting in an official capacity is a necessary element of the offense of official misconduct, and that actions undertaken in an official capacity are synonymous with actions undertaken under color of law. For the reasons set forth below, this assertion is erroneous and, in fact, the two standards are distinct. Under federal law, actions taken under "color of law" only include actions undertaken in performance of official duties, not actions undertaken in furtherance of personal pursuits. By contrast, actions taken in one's "official capacity" within the meaning of Illinois law *can* include actions taken in furtherance of one's personal pursuits. Donald Branch thus should not be precluded from contesting Plaintiffs' assertion that he undertook his actions under color of law.

## ARGUMENT

### I. "OFFICIAL CAPACITY" AS DEFINED BY ILLINOIS LAW IS DISTINCT FROM "COLOR OF LAW" AS DEFINED BY FEDERAL LAW.

#### A. Under federal law, actions taken under "color of law" only include actions undertaken in performance of official duties, not actions undertaken in furtherance of personal pursuits.

"Section 1983 protects against misuses of power made possible by virtue of state law." *Tarpley v. Keister*, 188 F.3d 788, 791 (7th Cir.1999). A defendant is thus only liable under that provision "if he engaged in misconduct under color of law." *Id*. Traditionally,

the courts have held that a defendant acts under the color of law when he exercises power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Thomas v. Pearl*, 998 F.2d 447, 450 (7th Cir. 1993) (internal quotations and citations omitted). "Conversely, government employees who act without the cloth of state authority do not subject themselves to liability under Section 1983." *Lyons v. Adams*, 257 F. Supp. 1125, 1131 (N.D. Ill. 2003).

"Although most police officers are state officials for purposes of Section 1983, the mere fact that the defendant is a police officer does not mean that the defendant acted under color of state law." *Id.* (citing *Gibson v. City of Chicago*, 910 F.2d 1510, 1516 (7th Cir. 1990)). Indeed, the Supreme Court has observed that "acts of officers in the ambit of their personal pursuits are plainly excluded." *Screws v. United States*, 325 U.S. 91, 111 (1945). On the other hand, "[a]cts of officers who undertake to perform their official duties are included whether they hew to the line of their authority or overstep it." *Id.* "Thus, the question whether a police officer acted under color of state law is not answered by whether the officer was on or off duty at the time," and "the accouterments of state authority, such as the police uniform, patrol car, badge or a gun, are not dispositive." *Lyons*, 257 F. Supp.2d at 1132.

Rather, the salient consideration in determining whether a police officer acted under color of state law is "the nature of the specific acts performed" and whether they "relate[] in some way to the performance of a police duty." *Latuszkin v. City of Chicago*, 250 F.3d 502, 505–06 (7th Cir. 2001); *Lyons*, 257 F. Supp.2d at 1132. Even acts committed while a police officer is on duty are not committed under color of state law "unless they are in some way 'related to the performance of police duties.'" *Gibson v. City of Chicago*, 910

F.2d 1510, 1516 (7th Cir. 1990) (quoting *Briscoe v. LaHue*, 663 F.2d 713, 721 n. 4 (7th Cir. 1981)); *see also Treiber v. Rompala*, 01-C-5049, 2002 WL 1467673, at *4 (N.D. Ill. July 9, 2002) (holding that a public office must "impl[y] or facilitate[]" the "law-breaking activities" of the person holding it in order for that person to be deemed "acting under color of state law"); *Bonenberger v. Plymouth Township*, 132 F.3d 20, 24 (3d Cir. 1997) (holding that "the essence of section 1983's color of law requirement is that the alleged offender, in committing the act complained of, abused a power or position granted by the state" and that "a state employee who pursues purely private motives and whose interaction with the victim is unconnected with his execution of official duties does not act under color of state law"); *Martínez v. Colón*, 54 F.3d 980, 986 (1st Cir. 1995) (holding that "[i]n general, section 1983 is not implicated unless a state actor's conduct occurs in the course of performing an actual or apparent duty of his office, or unless the conduct is such that the actor could not have behaved in that way but for the authority of his office).

Consequently, where a police officer's conduct—whether on or off duty—is personal and not purported to be in the exercise of any state authority, the conduct will not be viewed as an act under the color of law. For instance, in *Barna v. City of Perth Amboy*, 42 F.3d 809, 816 (3d Cir. 1994), the Third Circuit concluded that off-duty police participants in an altercation involving the unauthorized use of a police-issue nightstick did not act under color of state law where the dispute arose out of one officer's personal and family concerns and where no attempt was made to invoke police authority or make an arrest. Similarly, in *Martínez*, 54 F.3d at 988, the First Circuit held that an on-duty, uniformed police officer's harassment and unintended shooting of a fellow officer's genitals at a police station using a service-issue weapon was not conduct occurring under the color of state law because the

4

harassing officer's behavior represented a "singularly personal frolic" that was not—and did not purport to be—in furtherance of any exercise of police power. *See also Delcambre v. Delcambre*, 635 F.2d 407, 408 (5th Cir. 1981) (holding that a police chief's assault on his sister-in-law was not conduct under color of law, even though it occurred at police headquarters, because the assault arose out of a family squabble); *Zienciuk v. City of Chicago*, No. 01-C-3769, 2002 WL 1998309, at *5-6 (N.D. Ill. Aug. 28, 2002) (off-duty police officers that engaged in bar fight that was wholly unrelated to police duties did not act under color of state law where they did not wear police uniforms, did not identify themselves as police officers when approaching the plaintiff, and did not attempt to assert police authority by arresting plaintiff); *Lyons*, 257 F. Supp.2d at 1132-33 (same).

> **B.  In contrast to the "color of law" requirement under federal law, actions taken in one's "official capacity" within the meaning of Illinois law can include actions taken in furtherance of one's personal pursuits.**

Under Illinois law, a public employee must act in his "official capacity" in order to be held criminally liable for official misconduct. In construing this requirement, Illinois courts have held that "not all actions of a police officer, even those performed while on duty, are done in one's official capacity." *People v. Steinmann*, 57 Ill. App. 3d 887, 897 (5th Dist. 1978). Rather, to be deemed to have acted in an official capacity and committed official misconduct, the officer "must also use the very fact of his authority or position to further the commission" of the alleged crime.

Although this language may, on the surface, appear similar to language contained in federal cases construing the "color of law" element of Section 1983 claims, those similarities are indeed only superficial: in practice and application, the standard that Illinois courts have used in applying the "official capacity" requirement is distinct from the

standard federal courts have used in applying the "color of law" requirement. In *Becker*, for instance, an Illinois appellate court held that an off-duty police officer acted in his official capacity when he shot and killed an individual that followed him and his girlfriend to their car after leaving a bar. *People v. Becker*, 315 Ill. App. 3d 980, 1003-1004 (1st Dist. 2000). In reaching this holding, the court reasoned that the officer "used a weapon that he was allowed to carry because he was a police officer." *Id*.

Yet as set forth above, under federal law, it is well established that "acts of officers in the ambit of their personal pursuits are plainly excluded," irrespective of whether those acts involve use of service weapons. *Screws v. United States*, 325 U.S. 91, 111 (1945); *see also Lyons*, 257 F. Supp.2d at 1132 (holding that "the accouterments of state authority, such as the police uniform, patrol car, badge *or a gun*, are not dispositive") (emphasis added). Indeed, a number of federal courts have rejected the idea that the use of a service weapon automatically means that a police officer's actions are taken under color of state law. *See, e.g., Barna v. City of Perth Amboy*, 42 F.3d 809, 816 (3d Cir. 1994) (holding that off-duty police participants in an altercation involving unauthorized use of police-issue nightstick did not act under color of state law where the dispute arose out of one officer's personal and family concerns and where no attempt was made to invoke police authority or make an arrest); *Martínez*, 54 F.3d at 988 (holding that on-duty, uniformed police officer's harassment and unintended shooting of a fellow officer at a police station using a service-issue weapon was not conduct occurring under the color of state law because the harassing officer's behavior represented a "singularly personal frolic" that was not—and did not purport to be—in furtherance of any exercise of police power).

Federal courts have thus applied a different (and more rigorous) standard in considering whether police officers have acted under color of law for purposes of Section 1983 than Illinois courts in considering whether police officers have acted in their "official capacity." And because those two standards are distinct, this Court should reject Plaintiffs' attempts to prevent Donald Branch from contesting an essential element of their claim.

II. **ALTHOUGH THE FACTS UNDERLYING DONALD BRANCH'S GUILTY PLEA SUFFICED TO SUPPORT A FINDING OF OFFICIAL CAPACITY UNDER ILLINOIS LAW, THEY CANNOT SUSTAIN A FINDING THAT HE ACTED UNDER COLOR OF LAW FOR PURPOSES OF SECTION 1983.**

The material facts underlying Donald Branch's guilty plea to official misconduct are set forth in the transcript of plea proceedings dated January 30, 2009, attached hereto as Exhibit A. At the plea proceedings, the State of Illinois summarized those facts as follows:

> If this matter would proceed to trial, People would establish beyond a reasonable doubt that on April 1, 2008, the defendant was employed as a Chicago police officer with the Chicago Police Department. At approximately 9:45 a.m., the defendant went to the location of 116th and Elizabeth in Chicago, Cook County, Illinois. Defendant at that time was on duty and armed with his service weapon. The defendant went to that location because his wife who he is currently married to but was separated from at that time, lived – was living at that location.
> The defendant went to that location and confronted his wife Bernice Branch as she was exiting her home with the victim Kenneth Crowell. During that confrontation, the defendant grabbed Bernice Branch by the neck, slapped her in the face and pushed her to the ground, causing bodily harm to Bernice Branch. He then unholstered his service weapon and pointed it at the victim Kenneth Crowell, who ran from that location. The defendant chased him into an alley where he lost him in the alley.
> The defendant returned to the location of 116th and Elizabeth, where he took a shovel and smashed out the car windows of a 2005 Dodge Durango, property of Kenneth Crowell, causing approximately $1,364 in damage to Kenneth Crowell's vehicle.

7

> The victim – the incident occurred while – again the
> defendant was on duty but was not in his district of
> assignment. That would be the evidence we would establish.

(Plea Transcript, Ex. A., at 5-6.)

Donald Branch's use of his service weapon during the April 1, 2008 incident appears to have been sufficient to convict him of official misconduct under Illinois law because, as the *Becker* court reasoned, he "used a weapon that he was allowed to carry because he was a police officer." *Becker*, 315 Ill. App. 3d at 1003-1004. But that fact, standing alone, cannot similarly support a finding in federal court that he acted under color of law for purposes of Section 1983 because, as the Seventh Circuit has held, use of a service weapon is far from a dispositive criterion and, in fact, the single most important consideration for a Court to make under these circumstances is "the nature of the specific acts performed" and whether they "relate[] in some way to the performance of a police duty." *Latuszkin*, 250 F.3d at 505–06. And in that regard—as the facts summarized at Donald Branch's plea proceeding clearly reflect—the April 1, 2008, incident cannot credibly be characterized as anything but a "singularly personal frolic" involving his estranged wife and her new romantic partner. *Martínez*, 54 F.3d at 988. As such, it was not—and did not purport to be—in furtherance of any exercise of police power. *Id*.

## **CONCLUSION**

Illinois courts considering the "official capacity" requirement under Illinois' official misconduct statute have applied a standard that is materially distinct from one that federal courts have applied in considering the "color of law" requirement under Section 1983. Accordingly, the mere fact that Donald Branch pleaded guilty to official misconduct does not preclude or contradict his argument that he did not act under color of state law for

8

purposes of determining his liability under Section 1983. For these reasons, he should be permitted to contest this essential element of Plaintiffs' claim and present a corresponding instruction to the jury at the conclusion of this trial.

Respectfully submitted,

DONALD BRANCH

By: /s/ Angad S. Nagra
One of his Attorneys

Anna-Katrina S. Christakis
Jeffrey D. Pilgrim
Angad S. Nagra
Pilgrim Christakis LLP
53 West Jackson Boulevard, Suite 1515
Chicago, Illinois 60604
Ph. (312) 924-1773
Fax (312) 939-0983

## CERTIFICATE OF SERVICE

      Angad S. Nagra, an attorney, certifies that on November 14, 2014, he electronically filed the foregoing **MEMORANDUM OF LAW BY DEFENDANT DONALD BRANCH IN SUPPORT OF HIS PROPOSED JURY INSTRUCTION CONCERNING COLOR OF LAW**, with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

                                            /s/ Angad S. Nagra