# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KENNETH CROWELL and BERNICE BRANCH, | ) ) ) |
| | ) Case No. 14 cv 0565 |
| Plaintiffs, | ) |
| | ) Judge Thomas M. Durkin |
| v. | ) |
| | ) |
| CITY OF CHICAGO, a municipal corporation; DONALD BRANCH, star no. 4594; and ANTON WHITE, star no. 19533, | ) ) ) ) |
| Defendants. | ) |

## DEFENDANT DONALD BRANCH'S MOTION FOR A DIRECTED VERDICT

Defendant Donald Branch ("Branch"), by counsel, respectfully submits this Motion for a Directed Verdict. The Court should enter a directed verdict in Mr. Branch's favor because Plaintiffs Kenneth Crowell and Bernice Branch (collectively, "Plaintiffs") have failed to produce sufficient evidence from which a trier of fact might reasonably conclude that Mr. Branch is liable under Plaintiffs' Section 1983 claim.

## ARGUMENT

The standard for a motion for a directed verdict under Fed. R. Civ. P. 50(a)—which requires the court to grant the motion if "there can be but one reasonable conclusion"—"mirrors" the standard governing motions for summary judgment. *Mehringer v. Village of Bloomingdale*, No. 00-C-7095, 2003 WL 21506856, at *4 (N.D. Ill. Jun. 27, 2003) (internal quotations and citations omitted). Accordingly, pursuant to the Rule, "if a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not

have a legally sufficient evidentiary basis to find for that party on that issue, the court may resolve the issue against the party." *Valukas v. Botti Marinaccio*, No. 12-cv-2876, 2013 WL 3168743, at *1 (N.D. Ill. Jun. 19, 2013).

**PLAINTIFFS HAVE FAILED TO ESTABLISH THE NECESSARY ELEMENTS OF THEIR CLAIM UNDER SECTION 1983.**

A directed verdict in favor of Mr. Branch is warranted because Plaintiffs' evidence fails to establish an essential element of their Section 1983 claim; namely, that Mr. Branch was acting "under color of state law" during the incident in question. To state a claim under Section 1983, 42 U.S.C. § 1983, a plaintiff must allege that "[1.] a government official, [2.] acting under the color of state law, [3.] deprived [him or her] of a right secured by the Constitution . . . ." *Heyde v. Pittenger*, 633 F.3d 512, 516 (7th Cir. 2011). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible *only* because the wrongdoer is clothed with the authority of state law.'" *Currie v. Cundiff*, No. 09-CV-866-MJR, 2012 WL 2711469, at * 5 (S.D. Ill. July 8, 2012), *citing West v. Atkins*, 487 U.S. 42 (1988).

Critically, "[a]lthough most police officers are state officials [i.e., the first element] for purposes of Section 1983, the mere fact that the defendant is a police officer does not mean that the defendant acted under color of state law." *Lyons v. Adams*, 257 F. Supp. 2d 1125, 1132 (N.D. Ill. 2003), *citing Gibson v. City of Chicago*, 910 F.2d 1510, 1516 (7th Cir. 1990)). Indeed, the Supreme Court has observed that "acts of officers in the ambit of their personal pursuits are plainly excluded." *Screws v. United States*, 325 U.S. 91, 111 (1945). And "the question whether a police officer acted under color of state law is not answered by whether the officer was on or off duty at the time," nor by "the accouterments of state

authority, such as the police uniform, patrol car, badge or a gun . . . ." *Lyons*, 257 F. Supp.2d at 1132 (N.D. Ill. 2003).

Rather, even acts committed while a police officer is on duty are not committed under color of state law "unless they are in some way 'related to the performance of police duties.'" *Gibson v. City of Chicago*, 910 F.2d 1510, 1516 (7th Cir. 1990) (quoting *Briscoe v. LaHue*, 663 F.2d 713, 721 n. 4 (7th Cir. 1981)); *see also Bonenberger v. Plymouth Township*, 132 F.3d 20, 24 (3d Cir. 1997) (holding that "a state employee who pursues purely private motives and whose interaction with the victim is unconnected with his execution of official duties does not act under color of state law"); *Martínez v. Colón*, 54 F.3d 980, 986 (1st Cir. 1995) (holding that"[i]n general, section 1983 is not implicated unless a state actor's conduct occurs in the course of performing an actual or apparent duty of his office, or unless the conduct is such that the actor could not have behaved in that way but for the authority of his office). Thus, where a police officer's conduct—whether on or off duty—is personal and not purported to be in the exercise of any state authority, the conduct will not be viewed as an act under the color of state law. *Id.*

For instance, in *Martínez*, 54 F.3d at 988, the First Circuit held that an on-duty, uniformed police officer's harassment and shooting of a fellow officer at a police station using a service-issue weapon were not conduct occurring under the color of state law because the harassing officer's behavior represented a "singularly personal frolic" that was not—and did not purport to be—in furtherance of any exercise of police power. Similarly, in *Barna v. City of Perth Amboy*, 42 F.3d 809, 816 (3d Cir. 1994), the Third Circuit ruled that off-duty police participants in an altercation involving the unauthorized use of a police-issue nightstick did not act under color of state law where the dispute arose out of one

3

officer's personal and family concerns and where no attempt was made to invoke police authority or make an arrest. *See also Delcambre v. Delcambre*, 635 F.2d 407, 408 (5th Cir. 1981) (holding that a police chief's assault on his sister-in-law was not conduct under color of law, even though it occurred at police headquarters, because the assault arose out of a family squabble); *Zienciuk v. City of Chicago*, No. 01-C-3769, 2002 WL 1998309, at *5-6 (N.D. Ill. Aug. 28, 2002) (off-duty police officers that engaged in bar fight that was wholly unrelated to police duties did not act under color of state law where they did not wear police uniforms, did not identify themselves as police officers when approaching the plaintiff, and did not attempt to assert police authority by arresting plaintiff); *Lyons*, 257 F. Supp. 2d at 1132-33 (same).

In this case, Mr. Branch's conduct during the incident had absolutely nothing to do with his duties as a police officer and, instead, was based on a purely personal matter. Indeed, *every single* occurrence witness testifying a part of Plaintiffs' case has stated that they understood that Mr. Branch was at the scene of the incident on the day in question for personal reasons and that he was not performing his police duties. Bernice Branch unequivocally testified that "there was nothing [Mr. Branch] did that day that [she] thought was part of him being a cop"; Kenneth Crowell has testified that Mr. Branch was not discharging his police duties during the incident; and Sergeant Schaaf testified that he gave permission to Mr. Branch to leave the Seventh District to run a personal errand that related to his daughter. Simply put, nobody thought Mr. Branch was performing police duties that day, and thus nobody thought Mr. Branch was acting under color of state law.

And the perceptions and understandings of every single occurrence witness in Plaintiffs' case are entirely consistent with the other evidence demonstrating that Mr.

Branch was not acting under color of state law.  Specifically, the incident occurred outside Mr. Branch's assigned District, at the home of his estranged wife; Mr. Branch was wearing "street clothes" and was not wearing a police uniform; his bulletproof vest was not visible; he was riding in an unmarked car; he did not arrive at the scene using (or ever use) his car's sirens; he did not arrive at the scene (or ever use) flashing lights on his car; he did not arrest anyone; he never threatened to arrest anyone; he did not put anyone in his car; he did not restrain anyone or threaten to restrain anyone; and before incident and as it was occurring, he never announced himself as a police officer.[1]

Therefore, because Mr. Branch's reason for being at the scene of the incident and his conduct during it had nothing whatsoever to do with his official duties, he cannot, as a matter of law, be deemed to have acted under color of state law, and no reasonable jury would have sufficient reason to hold Mr. Branch liable under Section 1983.  Branch is thus entitled to a directed verdict in his favor.

---

[1] And the fact that Mr. Branch drew his service weapon certainly does not mean that he was "acting under color of state law"; rather, "[o]nly the circumstances surrounding the use of the service weapon, not the mere fact of its use, have constitutional relevance." *Kindred v. Hilt-Dyson*, No. 94 C 4377, 1995 WL 250417, at *3 (N.D. Ill. April 25, 1995).

## **CONCLUSINON**

For the foregoing reasons, Defendant Donald Brand respectfully requests that the Court enter a directed verdict in his favor and against Plaintiffs.

                                                  Respectfully submitted,

                                                  DONALD BRANCH

                                    By: /s/ Jeffrey D. Pilgrim
                                             One of his attorneys

Anna-Katrina S. Christakis
Jeffrey D. Pilgrim
Angad S. Nagra
Pilgrim Christakis LLP
53 West Jackson Boulevard, Suite 1515
Chicago, Illinois 60604
Ph. (312) 939-0923

**CERTIFICATE OF SERVICE**

      Angad S. Nagra, an attorney, certifies that on November 14, 2014, he electronically filed the foregoing **DEFENDANT DONALD BRANCH'S MOTION FOR A DIRECTED VERDICT**, with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

                                                     /s/ Angad S. Nagra